UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
NISSANKA J. FERNANDO,

              Plaintiff,

   - against –

TYRONNE B. FERNANDO,

              Defendant.
----------------------------------------X

MATSUMOTO, United States District Judge:

      Plaintiff Nissanka J. Fernando ("plaintiff") brings this action alleging breach of contract, fraud, and violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.* ("RICO") against Tyrone B. Fernando ("defendant") based upon defendant's alleged failure to supply plaintiff with United States Permanent Resident Cards and certain other immigration benefits for plaintiff's two sons, despite allegedly receiving $19,350 as part of an agreement to supply such documents. (*See* Doc. No. 20, Amended Complaint ("Am. Compl.") ¶ 22-37.) [1] Presently before the court is

---

[1] As set forth more fully herein, the court considers defendant's motion to dismiss with reference to plaintiff's amended complaint, despite having been filed with respect to plaintiff's original complaint. The version of Fed. R. Civ. P. 15(a) in effect at the time this action was commenced, when defendant moved to dismiss plaintiff's original complaint and when plaintiff served his amended complaint, permitted plaintiff to amend his pleading "once . . . before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1)(A)(2009). A motion to dismiss is not a "responsive pleading" within the meaning of Rule 15 then in effect. *See Kassner v. 2nd Ave.*

defendant's motion to dismiss for lack of personal jurisdiction, improper venue, and lack of subject matter jurisdiction. For the reasons set forth below, the court grants defendant's motion to dismiss for lack of personal jurisdiction.

**BACKGROUND**

The following facts are taken from plaintiff's amended complaint. The court has also considered defendant's declaration in support of his motion to dismiss and plaintiff's counsel's declaration in opposition to the extent that they are relevant to defendant's motion to dismiss for lack of personal jurisdiction.[2] (*See generally,* Doc. No. 17, Defendant's Declaration in Support of Motion to Dismiss ("Def. Decl.").)

Plaintiff is a resident and citizen of New York. (Am. Compl. ¶ 3.) Defendant is a resident and citizen of California. (*Id.* ¶ 4.) Plaintiff was present in New York and defendant was in California when all acts or omissions giving rise to this action took place. (Am. Compl. ¶¶ 18-19.)

_____

*Delicatessen Inc.*, 496 F.3d 229, 242 (2d Cir. 2007). Thus, the court considers the allegations contained within the amended complaint.

[2] In deciding a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), the court may rely upon materials that are outside the pleadings, including any affidavits submitted by the parties. *See DiStefano v. Carozzi North Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001); *Villanova v. Harbilas*, No. 08-cv-10448, 2010 U.S. Dist. LEXIS 37797, at *6-7 (S.D.N.Y. Apr. 13, 2010).

The parties dispute the facts giving rise to this lawsuit. Plaintiff alleges that he and defendant entered into an oral agreement over the telephone while plaintiff was in New York and defendant was in California. (*Id.* ¶ 22.) Pursuant to this alleged agreement, defendant was to obtain United States Permanent Resident Cards and other immigration benefits for plaintiff's two sons in Sri Lanka. (*Id.* ¶ 23.) In return, plaintiff was to pay defendant a total of $19,350. (*Id.* ¶ 25.) Plaintiff alleges that, pursuant this agreement, he mailed defendant money orders worth $13,850 and electronically transferred $5,500 to defendant's bank in California between December 19, 2005 and December 4, 2006. (*Id.* ¶ 26-33.) Defendant allegedly mailed plaintiff immigration applications which plaintiff completed and returned to defendant in California. (*Id.* ¶ 35.) Defendant then allegedly breached the oral agreement by failing to properly prepare or file the immigration applications and obtain immigration documents for plaintiff's sons. (*See id.* ¶¶ 23, 36.) Plaintiff alleges that on June 12, 2007, defendant mailed him a refund of $4,000. (*Id.* ¶ 38.) Plaintiff further alleges that on November 29, 2007, defendant's wife, non-party Rona N. Fernando, who lives in California with defendant, electronically transferred another partial refund of $2,000. (*Id.* ¶ 39.)

By contrast, defendant asserts that he never entered into any agreement with plaintiff to provide immigration documents, and that he never sent money to, or received money from, plaintiff. (Def. Decl. ¶¶ 13-14, 31-34.) Defendant claims that plaintiff contacted him by telephone in 2005 and requested that defendant obtain sponsorship letters for his children in Sri Lanka. (*See* Def. Decl. ¶¶ 16-17, 20.) When defendant refused, plaintiff allegedly began to make threatening phone calls to defendant's home. (*Id.* ¶ 22, 26-27.)

Defendant further asserts that he has never set foot or conducted business in New York or derived any revenue from "any type of activities" in New York. (*Id.* ¶ 10.) Additionally, defendant asserts that he has never filed taxes in New York and has "absolutely no contacts or ties" to New York. (*Id.* ¶¶ 11-12.) Indeed, he states that he has never met plaintiff and does not know him. (*Id.* ¶ 13.)

In 2008, plaintiff filed a lawsuit against defendant in New York State Civil Court for allegations stemming from the events at issue in the instant action. (Def. Decl., Ex. B., Complaint dated April 15, 2008.) Upon defendant's motion, on October 20, 2008, Judge Arthur F. Engoron dismissed the case for lack of personal jurisdiction over defendant.[3] (Def. Decl. Ex.

---

[3] The court properly may consider the October 20, 2008 state court order of dismissal. *See Blue Tree Hotel Inv., Ltd. v.*

D.)  The Civil Court determined that defendant's contacts with New York did not satisfy the requirements of New York's long-arm statute, CPLR § 302. (*Id.*)

Plaintiff alleges that on January 12, 2009, a default judgment was entered in New York against defendant for defrauding New York resident Nama B. Heelbathdeniya in connection with contracts under which defendant was to supply him with United States Permanent Resident Cards.  (Am. Compl. ¶ 41.)  An action is also pending against defendant in the Civil Court of the City of New York brought by Daya S. Thennakoon under similar circumstances.  (*Id.*)

On April 3, 2009, plaintiff commenced the instant action against defendant, alleging breach of contract, fraud, and unjust enrichment for the $13,350 that plaintiff allegedly paid defendant for immigration documents and was not refunded. (*See generally*, Doc No. 1, Complaint ("Compl.").)  On June 23, 2009, defendant filed the instant motion to dismiss.  (Doc. No. 7, First Motion to Dismiss.)  Plaintiff filed an amended complaint on September 29, 2009.  The amended complaint added a civil RICO claim.  (Am. Compl. ¶ 56-63.)  On September 8, 2009, the court terminated defendant's motion to dismiss without

---

*Starwood Hotels & Resorts Worldwide, Inc.,* 369 F.3d 212, 217 (2d Cir. 2004) ("[Courts]may also look to public records, including complaints filed in state court, in deciding a motion to dismiss.").

prejudice to renew because it was filed prematurely without a
pre-motion conference with the court, as required by the
undersigned's motion practices, and because it contained
typographical errors. (*See* Minute Entry dated Sept. 8, 2009.)
Defendant filed the instant amended and corrected motion to
dismiss on September 9, 2009.

## DISCUSSION

Defendant moves to dismiss the instant action for lack
of personal jurisdiction and lack of venue in the Eastern
District of New York. Defendant also moves to dismiss under the
doctrine of *res judicata* and for lack of subject matter
jurisdiction based on plaintiff's alleged failure to satisfy the
monetary threshold for diversity actions in this court,
notwithstanding that plaintiff has alleged a federal RICO claim
in his amended complaint. Further, defendant moves to dismiss
plaintiff's fraud claim for failure to plead the claim with
sufficient specificity as required by Fed. R. Civ. P. 9(b).

### A. The Amended Complaint

As a threshold matter, the court must decide whether
to consider the allegations contained in plaintiff's amended
complaint. Defendant argues that the court should not consider
the amended complaint because it was filed after defendant filed
a "responsive pleading," namely, his motion to dismiss. (*See*

Doc. No. 22, Reply Affirmation of Carmen Giordano in Support of Defendant's Motion to Dismiss ("Giordano Reply Aff.") ¶¶ 18-21.)

At the time plaintiff filed his complaint, Rule 15 provided, in relevant part, that "a party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1)(A)(2009). Effective December 1, 2009, Rule 15 permits amendment of a pleading once as a matter of course "if the pleading is one to which a responsive pleading is required, [within] 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). By order of the United States Supreme Court dated March 26, 2009, the December 1, 2009 amendments "govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending."

Here, plaintiff filed his complaint on April 3, 2009. Defendant filed his motion to dismiss on June 23, 2009 and amended the motion to dismiss on September 9, 2009. Plaintiff filed his amended complaint on September 29, 2009. Under the circumstances, the court concludes that the version of Rule 15 in effect prior to December 1, 2009 applies to plaintiff's amended pleading. The action was commenced prior to the December 1, 2009 effective date of the amendments to Rule 15.

Similarly, the motion to dismiss and the amended complaint were filed prior to December 1, 2009.

Under the version of Rule 15 in effect prior to December 1, 2009, plaintiff properly filed his amended complaint because a motion to dismiss is not a "responsive pleading" within the meaning of Rule 15 then in effect. *See Kassner*, 496 F.3d at 242; *see also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1483, at 584-85 (3d ed. 2008). Thus, the filing of a motion to dismiss by defendant did not prevent plaintiff from subsequently amending without first obtaining defendant's consent or leave of court. To avoid an unjust result, the court applies Rule 15 as it existed prior to its December 1, 2009 amendment. *See Martinelli v. Morrow*, 09-cv-256, 2010 WL 2278152, at *1 (N.D. Fla. June 3, 2010) (applying Rule 15 as it existed prior to December 1, 2009 where a motion to dismiss was filed prior to the effective date of the 2009 amendments); *Great Lakes Gas Transmission Ltd. Partnership v. Essar Steel Minnesota, LLC.*, No. 09-cv-3037, 2010 WL 234764, at *1 (D. Minn. Jan. 14, 2010) (same). Accordingly, the court considers the defendant's motion with reference to the amended complaint.[4]

---

[4] The court need not address defendant's argument that the court lacks subject matter jurisdiction over this action based on plaintiff's alleged failure to satisfy the amount in controversy requirement in diversity cases under 28 U.S.C. § 1332. The

## B. **Issue Preclusion**

Defendant argues that the October 20, 2008 Order of the New York Civil Court bars plaintiff from relitigating the issue of personal jurisdiction in federal court under the doctrine of *res judicata*. (*See* Doc. No. 17, Memorandum of Law in Support of Defendant's Motion to Dismiss, ("Def. Mem.").) Plaintiff counters that, in New York State, dismissal for lack of personal jurisdiction is not a judgment on the "merits" of the claim and therefore the doctrine of *res judicata* is inapplicable. (*See* Doc. No. 21, Affidavit of William J. Rita, Esq. in Opposition to Defendant's Motion to Dismiss ("Rita Aff.") ¶ 18.)

Pursuant to 28 U.S.C. § 1738, all judicial proceedings of any court of any state within the United States "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. Federal courts must "give a prior state court decision the same preclusive effect that the courts of that state would give to it." *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 466 (1982); *see also, Schick v. Oyer*, No. 07-cv-629, 2008 WL

---

amended complaint invokes the court's federal-question subject matter jurisdiction by asserting a RICO claim. *See* 28 U.S.C. § 1331 (district courts "shall have original jurisdiction of all civil actions arising under . . . laws . . . of the United States.").

4501935, at *5 (W.D.N.Y. Sept. 29, 2008) (applying New York principles of *res judicata* to a state court personal jurisdiction determination). "To apply full faith and credit to a given state-court judgment, the court must at least apply that state's principles of *res judicata* and collateral estoppel." *Town of Deerfield v. FCC*, 992 F.2d 420, 429 (2d Cir. 1993). The court thus considers whether New York's doctrines of *res judicata* or collateral estoppel preclude further litigation on the personal jurisdiction issue currently before the court.

New York law provides that *res judicata* precludes a claim where "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001) (*citing Monahan v. N.Y. City Dep't of Corr.,* 214 F.3d 275, 284-85 (2d Cir. 2000)). By contrast, "[u]nder New York law, collateral estoppel prevents a party from religitating an issue decided against that party in a prior adjudication. It may be invoked to preclude a party from raising an issue (1) identical to an issue already decided (2) in a previous proceeding in which that party had a full and fair opportunity to litigate." *Fuchsberg & Fuchsberg v. Galizia,* 300 F.3d 105, 109 (2d Cir. 2002) (citations and internal quotation marks omitted).

Judge Engoron's October 20, 2008 Order was not a decision on the merits of the claims presented but, rather, decided only whether defendant was subject to personal jurisdiction in New York, which is identical to the personal jurisdiction issue now pending before this court. *See Schick*, 2008 WL 4501935, at *4 (finding that a personal jurisdiction dismissal was not an "adjudication on the merits."); *see also Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 n.4 (2d Cir. 1994) (observing that "a dismissal for want of subject matter or personal jurisdiction is not a decision on the merits."). Consequently, the court applies New York's collateral estoppel principles rather than the doctrine of *res judicata*. *See 1 Five 0, Inc. v. A. Schulman, Inc.,* No. 99-cv-0354E, 2000 WL 744003, at *2 (W.D.N.Y. June 5, 2000) (applying New York collateral estoppel principles to personal jurisdiction issues under New York law); *Keeler v. West Mountain Corp.*, 105 A.D.2d 953, 954 (3d Dep't 1984) (same).

Applying New York's collateral estoppel principles, the court finds that the issue of personal jurisdiction over defendant in New York was fully and fairly litigated and determined in the state court action. First, despite plaintiff's arguments to the contrary, the personal jurisdiction issue raised in the instant case is identical to that raised by plaintiff in Civil Court. Just as in the instant action,

11

defendant's motion to dismiss the state court action was based upon a lack of personal jurisdiction over defendant in New York, because defendant has never lived, visited, worked, or regularly conducted business in New York. (Def. Decl., Exs. C-D.)

Where an action is dismissed in state court for lack of personal jurisdiction and raised again in federal court, the federal court may consider the personal jurisdiction issue anew if the plaintiff asserts different claims based upon "substantially different" underlying facts. *See Barret v. Tema*, 463 F. Supp. 2d 423, 428 (S.D.N.Y. 2006) (Observing that "the facts underlying [plaintiff's] claim to [personal] jurisdiction" in federal court "are substantially different from the facts upon which [plaintiff] argued for personal jurisdiction in his state court action. "Because of these significant differences," the federal court concluded that "the issue of personal jurisdiction presented in the . . . [federal] action is not identical to the issue of personal jurisdiction decided in the state court case" and thus, the federal court held that it was "not bound" by the state court's determination as to personal jurisdiction over the defendant).

Plaintiff contends that new facts have emerged following the October 20, 2008 Order of the Civil Court. Specifically, plaintiff contends that the entry of a default judgment against defendant by a New York court and the

commencement of another civil action in New York Civil Court
support a finding of personal jurisdiction over defendant.
(Rita Aff. ¶ 20.)

The facts underlying plaintiff's claim to personal
jurisdiction in the instant action are not substantially
different from the facts plaintiff relied upon to assert
personal jurisdiction in the Civil Court action.  Specifically,
plaintiff's allegations concerning defendant's minimum contacts
with New York are the same as they were in the Civil Court
action.  (*See* Def. Decl., Ex. C, Affirmation of William Rita,
dated Sept. 17, 2008, in opposition to motion to dismiss filed
in Civil Court, ¶¶ 14-24.)  Indeed, plaintiff's present counsel
made similar personal jurisdiction arguments to the Civil Court
and advised that court of the other pending actions against
defendant.  (*See id.*)  Notwithstanding, Judge Engoron found that
defendant was not subject to personal jurisdiction in New York
and dismissed the Civil Court action for lack of personal
jurisdiction over defendant.

Further, despite plaintiff's assertions to the
contrary, this court concludes that the parties had a full and
fair opportunity to litigate the personal jurisdiction issue in
Civil Court.  Plaintiff raised his personal jurisdiction
argument in his motion papers in Civil Court and submitted
evidence regarding defendant's alleged New York contacts.

Plaintiff's September 17, 2008 motion papers provided the state
court with ample factual and legal support from which to reach a
decision.  The state court was fully briefed on the asserted
jurisdictional bases for the plaintiff's suit and determined
that defendant's alleged contact with New York "does not satisfy
any of the requirements of CPLR § 302 and, generally speaking,
does not establish personal jurisdiction in New York for this
claim." (Def. Decl., Ex. D.)  Moreover, Judge Engoron's October
20, 2008 Order was based upon arguments presented by the
parties' present counsel, a further indication that the parties
had a full and fair opportunity to litigate the personal
jurisdiction issue in the state court action.  *See Schick*, 2008
WL 4501935, at *5 (finding that plaintiff had a full and fair
opportunity to litigate personal jurisdiction issue in state
court where the state court decision was based on arguments by
the same counsel that appeared in the subsequent federal court
action); *see also 1 Five 0*, 2000 WL 744003, at *2 (finding that
the personal jurisdiction issue was fully and fairly litigated
in state court when the state court judge was fully briefed on
the asserted jurisdictional basis for plaintiff's suit and was
provided with ample factual and legal support from which to make
a decision).  Accordingly, the October 20, 2008 Civil Court
Order precludes plaintiff from relitigating the issue of
personal jurisdiction in this court, and plaintiff's action must

be dismissed for lack of personal jurisdiction.  *See Schick*, 2008 WL 4501935, at *5 (holding that a state court personal jurisdiction decision based on a motion to dismiss had preclusive effect in federal court); *see also 1 Five 0*, 2000 WL 744003, at *3 (concluding that the court was "bound by the state court's determination that defendant is not subject to personal jurisdiction in New York," and transferring the action to a federal district in which the defendant was subject to personal jurisdiction).

### C. Personal Jurisdiction

Even if relitigation of the personal jurisdiction issue were not barred by the doctrine of collateral estoppel, there is no basis upon which to exercise personal jurisdiction over defendant in New York.  Where, as here, a court relies on pleadings and affidavits, rather than conducting an evidentiary hearing, the plaintiff need only make a *prima facie* showing that the court has personal jurisdiction over the defendant.  *Grand River Enters.  Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005) (citation omitted); *Patel v. Patel*, 497 F. Supp. 2d. 419, 423 (E.D.N.Y. 2007) (citation omitted).  The court construes the pleadings and affidavits in the light most favorable to the plaintiff, resolving all doubts in plaintiff's favor.  *CutCo Industries, Inc. v. Naughton,* 806 F.2d 361, 365 (2d Cir. 1986).

In a federal question case where, as here, the defendant resides outside the forum state, the court must look first to the long-arm statute of the forum state, in this instance, New York. *See PDK Labs, Inc. v. Friedlander,* 103 F.3d 1105, 1108 (2d Cir. 1997) (citations omitted). Even if personal jurisdiction is established pursuant to the state's long-arm statute, the court must assess whether assertion of jurisdiction comports with constitutional due process. *Metro. Life Ins. V. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). New York's long-arm statute, CPLR §§ 301 and 302, allows a New York court to exercise personal jurisdiction over a non-domiciliary. Plaintiff relies on CPLR § 302(a)(1) and (3) as bases for personal jurisdiction over defendant. (Am. Compl. ¶ 7-16.)

### a. New York CPLR § 302(a)(1)

Pursuant to CPLR § 302(a)(1), a New York court may exercise personal jurisdiction over a non-domiciliary "who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." To determine if the statute is satisfied, the court analyzes (1) whether the defendant "transacts any business" in New York and, if so, (2) whether the cause of action "aris[es] from" such a business transaction. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (citing *Deutsche Bank Sec., Inc. v. Montana Bd. of Invs.*, 7 N.Y.3d 65, 71 (1st Dep't

16

2006)).  For purposes of CPLR § 302(a)(1)'s "transaction of business" test, the New York Court of Appeals has held that "[t]he overriding criterion" necessary to establish a transaction of business is "some act by which the defendant purposefully avails itself of the privilege of conducting activities within [New York]."  *Ehrenfeld v. Bin Mahfouz*, 9 N.Y.3d 501, 508 (2007) (citations omitted).

To determine whether a party in a contract action has "transacted business" within the meaning of CPLR § 302(a)(1), the Second Circuit examines four criteria:

> i.    whether the defendant has an on-going contractual relationship with a New York corporation;
>
> ii.   whether the contract with a New York corporation was negotiated or executed in New York and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship;
>
> iii.  what the choice-of-law clause is in any such contract; and
>
> iv.   whether the contract requires [defendant] to send notices and payments into the forum state or subjects them to supervision by the corporation in the forum state.

*Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004) (quoting *Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996)).  "Although all factors are relevant, no one factor is dispositive and other factors may be

considered. *McDonald*, 362 F.3d at 23 (citation omitted).
"The ultimate determination is based on the totality of the
circumstances." *Id.* (citation omitted).

The first and third factors of this inquiry are
clearly inapplicable in this case.  The contacts at issue here
involve an alleged oral contract between plaintiff and
defendant.  Defendant is not a New York corporation, and
plaintiff did not have an ongoing contractual relationship with
defendant.  The purported oral contract is not alleged to have a
choice-of-law provision.

The fourth factor favors defendant.  The alleged
agreement did not require defendant to make periodic payments to
plaintiff in New York.  Rather, the reverse is alleged.  The
alleged contract required plaintiff to send money to defendant
in California.  (Am. Compl. ¶ 26.)  That defendant allegedly
twice returned a portion of the payments to plaintiff in New
York via mail and wire transfer is irrelevant, because such
refunds were not required under the alleged contract.

Finally, as to the second factor, plaintiff claims
that the alleged oral contract was negotiated and entered into
while plaintiff was in New York and defendant was in California.
(*Id.* ¶ 22.)  Importantly, there is no allegation that defendant
ever traveled to New York during the formation of alleged oral
contract or any time thereafter.  Indeed, defendant states that

he was never visited New York.  (Def. Decl. ¶ 6.)  Nor was the

alleged contract to be executed in New York.  Rather,

preparation and filing of the immigration application for

plaintiffs' sons was to occur in California.  (Am. Compl. ¶¶ 22-

23, 34-35.)

When contacts with New York have been found sufficient

to support personal jurisdiction, a defendant "'on his own

initiative . . . project[ed] himself into New York to engage in

a sustained and substantial transaction of business.'"  *DirecTV*

*Latin Am., LLC v. Park 610, LLC*, 691 F. Supp. 2d 405, 420

(S.D.N.Y. 2010) (quoting *Parke-Bernet Galleries. Inc. v.*

*Franklyn*, 26 N.Y.2d 13, 18 (1970)).  Here, however, defendant is

alleged only to have received telephone calls initiated by

plaintiff and sent and received money and immigration documents

to and from New York.  Significantly, it is uncontested that

plaintiff initiated the communication with defendant by

telephone and any interaction and communication the defendant

had with New York arose from plaintiff's initial communication.[5]

(Def. Decl. ¶¶ 16-17, 20, 22, 26-27.)  *See, e.g., Mayes v.*

*Leipziger*, 674 F.2d 178, 185 (2d Cir. 1982) (finding no personal

---

[5] Neither plaintiff's amended complaint nor his attorney's
affidavit in opposition to the instant motion contests
defendant's assertion that plaintiff initiated the alleged
agreement.  Plaintiff alleges only that plaintiff and defendant
entered into an oral agreement over the telephone.  (Am. Compl.
¶ 22.)

jurisdiction where plaintiff initially contacted defendant by telephone); *Mortgage Funding Corp. v. Boyer Lake Pointe, LC.*, 379 F. Supp. 2d 282, 287 (E.D.N.Y. 2005) (same); *Professional Personnel Mgt. Corp. v. Southwest Medical Assocs., Inc.,* 628 N.Y.S.2d 919, 920 (4th Dep't 1995) (same).

When the facts are viewed in totality, there is no basis upon to conclude that the defendant transacted business in New York or otherwise projected himself into New York. *See C.B.C. Wood Products, Inc. v. LMD Integrated Logistics Services, Inc.*, 455 F. Supp. 2d 218, 225 (E.D.N.Y. 2006) (finding no personal jurisdiction over defendant where contract was executed outside of New York and defendant never visited New York); *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 766 (2d Cir. 1983) ("New York courts have consistently refused to sustain § 302(a)(1) jurisdiction solely on the basis of defendant's communication from another locale with a party in New York."); *see also Berkshire Capital Group, LLC v. Palmet Ventures, LLC*, 307 Fed. Appx. 479 (2d Cir. 2008) (finding negotiation of an agreement by telephone calls and e-mails from Illinois to New York insufficient to establish personal jurisdiction over defendant in New York); *Fiedler v. First City National Bank of Houston,* 807 F.2d 315 (2d Cir. 1986) (finding no personal jurisdiction over defendant bank that made two telephone calls

and a mailing to New York plaintiffs).  Accordingly, personal

jurisdiction is not established pursuant to CPLR § 302(a)(1).

### b. **New York CPLR § 302(a)(3)(i) and (ii)**

Pursuant to CPLR § 302(a)(3), "a court may exercise

personal jurisdiction over any non-domiciliary, or his executor

or administrator, who in person or through an agent: commits a

tortious act without the state causing injury to person or

property within the state" if the non-domiciliary

> (i)  regularly does or solicits
>       business, or engages in any other
>       persistent course of conduct, or
>       derives substantial revenue from
>       goods used or consumed or services
>       rendered, in the state, or
> (ii) expects or should reasonably
>       expect the act to have
>       consequences in the state and
>       derives substantial revenue from
>       interstate or international
>       commerce.

CPLR § 302(a)(3)(i)-(ii).

Plaintiff fails to establish personal jurisdiction

over defendant in New York under CPLR § 302(a)(3) because he has

failed to allege a distinct tort claim.  Plaintiff alleges that

defendant committed fraud, a tortious action which caused injury

to plaintiff in New York.  (Am. Compl. ¶¶ 50-55.)  However, as

explained below, plaintiff's fraud claim is actually a breach of

contract claim rather than a tort claim, and a breach of

contract claim couched as a fraud claim cannot serve as the

21

basis for personal jurisdiction under CPLR § 302(a)(3). *See
Artista Technologies, Inc. v. Arthur D. Little Enterprises,
Inc.*, 125 F. Supp. 2d 641, 653 (E.D.N.Y. 2000) ("The Court finds
that [plaintiff] has failed to allege the commission of a tort
outside of New York State, because [plaintiff] has merely
converted a breach of contract action into a tort claim in order
to obtain jurisdiction.").

Under New York law, a cause of action for fraud cannot
exist when the fraud claim arises out of the same facts as a
breach of contract claim with the sole additional allegation
that the defendant never intended to fulfill its express
contractual obligations. *See, e.g., Telecom Intern. America,
Ltd. V. AT & T Corp.,* 280 F.3d 175, 196 (2d Cir. 2001); *GSGSB,
Inc. v. New York Yankees,* 862 F. Supp. 1160, 1177 (S.D.N.Y.
1994) (holding that under New York law, "[a] contract action may
not be converted into one for fraud by the mere additional
allegation that the contracting party did not intend to meet his
contractual obligation"); *Vista Co. v. Columbia Pictures Indus.,
Inc.,* 725 F. Supp. 1286, 1294 (S.D.N.Y. 1989) (dismissing claim
for fraud based solely upon allegations that defendants made
contracts knowing they would not abide by them); *Caniglia v.
Chicago Tribune-New York News Syndicate, Inc.,* 612 N.Y.S.2d 146,
147 (1st Dep't 1994) ("[A] cause of action does not arise where,
as here, the only fraud alleged merely relates to the

contracting party's alleged intent to breach a contractual obligation.").

Here, the only element that plaintiff's purported fraud claim adds to the breach of contract claim is that defendant agreed to the terms of the alleged contract with no intention of performing the obligations required by those terms. (*See* Am. Compl. ¶¶ 51-54.)  Because the fraud claim is not distinct from plaintiff's breach of contract claim, it cannot serve as the basis for personal jurisdiction under § 302(a)(3).

Even if plaintiff had properly pled a distinct fraud claim, plaintiff has not submitted any evidence to satisfy the other requirements of CPLR § 302 (a)(3).  In particular, plaintiff has failed to allege that defendant regularly conducted business in New York.  Defendant's only alleged connections to New York are telephone calls initiated by the plaintiff himself and sending and receiving money and immigration documents to and from New York.  Plaintiff also alleges that defendant defrauded two other New York residents. Taking plaintiff's allegations as true, defendant did business with New York residents on, at most, three separate occasions, sent money to New York twice, and sent immigration documents to New York once.  These minimal contacts do not constitute "regularly" doing business within the meaning of § 302 (a)(3)(i).

Nor does plaintiff allege that defendant ever solicited business in New York. Indeed, plaintiff does not contest defendant's assertion that plaintiff contacted defendant seeking assistance in obtaining immigration documents. (Def. Decl. ¶ 16.) Further, nowhere in his submissions does plaintiff allege that defendant expected the alleged fraud to have consequences in New York or that defendant derives substantial revenue from interstate commerce. *See Ivoclar Vivodent, Inc. v. Ultident*, *Inc.*, No. 04-cv-0984, 2005 WL 1421805, at *4 (W.D.N.Y. June 15, 2005) ("To establish personal jurisdiction under subsection (ii) of CPLR § 302 (a)(3), plaintiff *must sufficiently allege* that (1) defendant performed a "tortious act" outside of New York, (2) the alleged tortious act caused injury within New York, (3) defendant expected or reasonably should have expected that its action would have consequences in New York and (4) defendant derives 'substantial revenue from interstate or international commerce.'") (quoting CPRL § 302(a)(3)) (emphasis added). Thus, defendant is not subject to personal jurisdiction in New York under CPLR § 302 (a)(3), even if plaintiff had alleged a distinct tort.

c. **18 U.S.C. § 1965**

Another possible basis for personal jurisdiction over defendant in this case, albeit one that plaintiff did not assert, is 18 U.S.C. § 1965, civil RICO's venue and process

provision.  Title 18 U.S.C. § 1965(a) provides that "[a]ny civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs."  Subsection (b) allows nationwide service of process for actions brought under § 1964 where "it is shown that the ends of justice require that other parties residing in any other district be brought before the court."  18 U.S.C. § 1965(b).

        "The Second Circuit recognizes that § 1965 'does not provide for nationwide personal jurisdiction over every defendant in every civil RICO case, no matter where the defendant is found.'"  *Eldred v. Comforce Corp.*, No. 08-CV-1171, 2010 U.S. Dist. LEXIS 18260, at *33 (S.D.N.Y. Mar. 2, 2010) (quoting *PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 71 (2d Cir. 1998)).  "Rather, under § 1965(a) 'a civil RICO action can only be brought in a district court where personal jurisdiction based on minimum contacts is established as to at least one defendant[.]'"  *Eldred*, 2010 U.S. Dist. LEXIS 18260, at *33 (quoting *PT United*, 138 F.3d at 71).  "Where nationwide [personal] jurisdiction is sought under § 1965(b), 'jurisdiction is not automatic but requires a showing that the 'ends of justice' so require.'"  *Id.* (quoting (quoting *PT United*, 138 F.3d at 71).  "The requirements of the 'ends of

25

justice' is generally considered to be met where no district could exercise jurisdiction over all of the defendants. *Id.* (citing *PT United*, 138 F.3d at 72 n.5; *Daly v. Castro Llanes*, 30 F. Supp. 2d 407, 413 (S.D.N.Y. 1998); *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 538-39 (9th Cir. 1986)); *see also Elsevier Inc. v. W.H.P.R., Inc.*, 692 F. Supp. 2d 297, 315 (S.D.N.Y. 2010) ("[I]t is generally accepted that 'ends of justice' jurisdiction is authorized where the RICO claim could not otherwise be tried in a single action because no district court could exercise personal jurisdiction over all of the defendants.") (citations omitted). Plaintiff does not and could not allege that this impossibility of trial in one action applies here.

Further, defendant's contacts with New York do not meet any of the criteria listed in § 1965(a). Plaintiff does not allege that defendant, a resident of California, has an agent in New York. Moreover, defendant did not transact his affairs or the affairs of the alleged RICO enterprise in New York. "For a defendant to transact business of any substantial character, there must be some amount of business continuity and certainly more than a few isolated and peripheral contacts with the particular judicial district." *Gates v. Wilkinson*, No. 01-cv- 3145, 2003 U.S. Dist. LEXIS 9417, at *4 (S.D.N.Y. June 4, 2003) (citation and internal quotation marks omitted).

Here, plaintiff does not allege that defendant carried out continuous and substantial business in New York in a manner that constitutes "transacting affairs" under 18 U.S.C. § 1965(a). Nor does plaintiff allege that defendant owns property, pays taxes, or maintains offices in New York. *See Lock v. Scheur*, No. 84-cv-7469, 1986 WL 7017, at * 4 (S.D.N.Y. June 17, 1986) (finding that defendant who did not own property, pay taxes, or have offices in New York did not "transact affairs" within the meaning of 18 U.S.C. § 1965(a)). At most, defendant received telephone calls from New York and sent and received documents and money to and from New York on several occasions. (Am. Compl. ¶¶ 22-35.) Occasional acts such as telephoning or mailing letters into a state are not sufficient to constitute "transacting affairs" under 18 U.S.C. § 1965(a). *See Daly*, 30 F. Supp. 2d at 412-13 (finding that sending one letter into New York did not constitute "transacting affairs" under 18 U.S.C § 1965(a)); *Now Plastics, Inc., v. HP Plastics, Inc.*, No. 89-cv-6938, 1990 WL 301521, at *3 (S.D.N.Y. Apr. 10, 1990) (finding that phone and mail communications and a limited number of shipments of goods do not meet the "transacting affairs" criterion under 18 U.S.C § 1965(a)). Accordingly, RICO's statutory venue and service of process provision does not confer personal jurisdiction over defendant.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss for lack of personal jurisdiction is granted. The Clerk of the Court shall enter judgment in defendant's favor and close this case.

SO ORDERED.

Dated:   Brooklyn, New York
         August 5, 2010

                              _____/s/_____

                              KIYO A. MATSUMOTO
                              United States District Judge
                              Eastern District of New York